## SUPREME COURT.

### YORKS agt. PECK AND OTHERS, Administrators, &c., AND LAMPHIRE.

Where, in an action upon a promissory note, brought against the representatives of a deceased *joint debtor*, upon the insolvency of the survivor, in which the surviving joint debtor was made a co-defendant, and a recovery had in favor of the plaintiff—*held*, that under *sec.* 304, *sub.* 4 of the Code, the plaintiff was entitled to recover his *costs*.

The 41st section of the Revised Statutes (2 *R. S.* 90) has no application to such an action.

*Livingston Circuit and Special Term, Oct.,* 1853. Motion that plaintiff recover costs and have leave to insert them in the judgment roll, and for an extra allowance, &c.

E. G. LAPHAM, *for Plaintiff.*

H. O. CHESEBRO, *for Defendants.*

WELLES, Justice. Affidavits have been read in support of this motion, with a view of showing that under the provisions of *sec.* 41, 2 *R. S.* 90, (4 *ed.* 275, *sec.* 46,) the plaintiff is entitled to recover costs. Counter affidavits have also been read with a view of showing that under that section he is not entitled to costs. The affidavits are quite conflicting, but perhaps not so much so as not to be reconcilable on the score of misunderstanding or misrecollection. In the view, however, which I have taken of the subject, it becomes unnecessary to attempt such reconciliation.

The action was analagous to a suit in equity in the late court of chancery against the representatives of a deceased joint debtor upon the insolvency of the survivor, in which the surviving joint debtor is made a co-defendant with the representatives of his co-debtor, which could properly be done in a suit in equity. It was brought to recover the amount of a note, joint in its terms, made by Amon Lamphire and Reynold Peck, the intestate, to J. M. Wheeler, or order, at the Ontario Bank, for $750, and interest six months after date, and dated August 1st, 1849. The note was endorsed by Wheeler to the plaintiff after it became due.

It was well settled that no action at law could be maintained against the representatives of the deceased, in such case, nor a suit in equity, without showing that the surviving joint debtor was insolvent, or that the creditor's remedy at law against him had been exhausted. Upon alleging and proving that an action at law would be ineffectual, for one of those reasons, a suit in equity to recover the debt was maintainable. It was upon that theory that this action was commenced.

Payment was refused, and the action defended by the administrators of Peck, under the impression that their intestate executed the note as surety for Lamphire, and for his accommodation only, in which case, the plaintiff would have had no remedy whatever, either at law or in equity, against the representatives of Peck. The defence, however, failed, and the plaintiff has recovered judgment at special term upon the note, against both Lamphire and the administrators of Peck, which

Yorks agt. Peck and others, administrators, &c., and Lamphire.

has been affirmed by the general term, on appeal. (14 Barb. S. C. R. 644.)

The section of the Revised Statutes referred to has no application to such a case as the present. The section commences as follows: " In such suit no costs shall be recovered against the defendants; nor shall any costs be recovered in any suit *at law* against any executors or administrators, to be levied of their property, or of the property of the deceased, unless," &c. The suits first mentioned in the section ("such suits") are where there has been a reference as provided in the preceding sections, and it will be seen that the whole section relates to them, and to suits at law. This action does not belong to either class, but is an equitable action which has never been referred. Besides, I incline to think it is not a case referrable under § 36, (§ 41 of 4th ed.,) which section was intended, as I think, to apply to legal claims only. Section 317 of the Code provides that in an action prosecuted or defended by an executor, administrator, &c., costs shall be recovered as in an action by and against a person prosecuting in his own right, such costs to be only chargeable upon or collected of the estate, &c., represented, unless the court shall direct the same to be paid by the plaintiff or defendant personally; for mismanagement or bad faith in such action or defence. The section then excepts from its application the cases provided for by § 41, before referred to, (2 R. S. 90,) and it has been shown that this is not one of those cases. It seems to me, therefore, to follow inevitably by force of § 304, sub. 4 of the Code, that the plaintiff is entitled to recover his costs. The question was regularly and properly one for the court before which the action was tried to have settled, or rather, a case where that court should have given judgment for costs; but it was reserved, and the parties have, by stipulation of their attorneys, waived all question on that account. I shall, therefore, grant the motion, and direct an extra allowance, under § 308 of the Code, of five per cent. on the amount recovered.